IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WALTON JOHN ALEXANDER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-678-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Walton John Alexander, TDCJ-CID #799196, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, Alexander challenges his August 11, 1997 conviction and sentence

for indecency with a child in cause no. 10295 out of the 266th Judicial District Court of Erath County, Texas. (Clerk's R. at 169) The Eleventh District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review on April 28, 1999. *Alexander v. Texas*, No. 11-97-00255-CR, slip op. (Tex. App.–Eastland Nov. 18, 1998) (not designated for publication); *Alexander v. Texas*, PDR No. 0294-99. *See also* http://www.cca.courts.state.tx. Alexander did not seek writ of certiorari. (Petition at 3) Thus, his conviction and sentence became final on July 27, 1999, 90 days after his petition for discretionary review was refused. *See* SUP. CT. R. 13.1. On May 20, 2002, Alexander filed a state application for writ of habeas corpus challenging his conviction and sentence, which was denied without written order by the Texas Court of Criminal Appeals on October 2, 2002. *Ex parte Alexander*, Appl. No. 53,367-01, at cover. Alexander filed this federal petition in the Dallas Division on October 31, 2007, and the action was ordered transferred to this division.[1] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Alexander did not reply.

### D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] Although unclear, Alexander appears to challenge his 1999 conviction and/or sentence on grounds of ineffective assistance of trial and appellate counsel, cruel and unusual punishment, newly discovered evidence in the form of "newer" DNA testing, insufficiency of the evidence, and actual innocence. (Petition at 7 & Attach.)

2

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, Alexander's conviction became final and the one-year limitations period began to run upon expiration of the time that Alexander had for seeking certiorari in the United States Supreme Court on July 27, 1999, and closed on July 27, 2000, absent any tolling. Alexander's state habeas application filed after the limitations period had already expired did not operate to toll the limitations period. *See Scott*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Alexander asserted in his petition valid reasons for his failure to file a federal petition in a timely manner.² Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.³

---

²Alexander asserts that newly discovered evidence in the form of "newer" DNA testing would prove his actual innocence, however he fails to establish any factual basis for his assertion.

³*But see Bowles v. Russell*, 127 S. Ct. 2360, 2366 (holding timely filing of notice of appeal
(continued...)

3

*See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Alexander has not demonstrated that he was prevented in some extraordinary way from asserting his rights.

Alexander's federal petition was due on or before July 27, 2000; thus, his petition filed on October 31, 2007, is untimely and is time-barred.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Alexander's petition be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

---

[3](...continued)
in civil case is a jurisdictional requirement and a federal court has no authority to create equitable exceptions to jurisdictional requirements).

and recommendation until June 18, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 18, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 28, 2008.

                                                  /s/   Charles Bleil  
                                                CHARLES BLEIL  
                                                UNITED STATES MAGISTRATE JUDGE